## NOTLEY SCOTT *et al.*

### *v.*

## JOHN S. MILLER.

CONTRACT TO SELL AND DELIVER—*time of delivery.* The plaintiff, by a written contract with defendant, agreed to deliver to the latter, after the first day of December, and before the first day of the following January, two hundred hogs, on demand, at a certain railroad station, for which he was to be paid seven cents per pound, on delivery. No demand was ever made for the hogs, and the first of January fell on Sunday. On the Friday previous, the parties met, and the defendant said he did not want the hogs on Sunday, but would take them on the following Monday. It was finally agreed that the plaintiff should meet defendant on Saturday, for the purpose of arranging for keeping the hogs a week longer. The plaintiff went to the place appointed, but did not happen to meet the defendant. The plaintiff delivered the hogs at the station, at eleven o'clock p. m. of the second day of January, but the defendant had left before, having waited until about dark. On the next day, defendant was notified of the delivery at the station, but he refused to accept the hogs, claiming that they were not delivered according to the contract: *Held,* under the facts and circumstances, an offer to deliver the hogs on Tuesday, at the station, was sufficient to entitle the plaintiff to recover. The jury were warranted in finding that an earlier delivery had been dispensed with by the conduct of the purchaser.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. PEPPER & WILSON, Messrs. GLENN & WILLITS, and Messrs. MILLER, FROST & LEWIS, for the appellants.

Messrs. STUART & PHELPS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by Miller, appellee, against Notley and Michael D. Scott, appellants, for refusing to accept and pay for two hundred head of hogs, under the following contract: *"Memorandum of agreement, made this fifth day of November, A. D. 1870, by and between John S. Miller and Notley Scott and M. D. Scott.*

"WITNESSETH: That John S. Miller hereby agrees to deliver to Notley Scott and M. D. Scott, after the first day of

18—66TH ILL

December next, and before the first day of January, A. D.
1871, on demand, two hundred head of good, smooth hogs,
to average not less than three hundred pounds, and to include
no piggy sows; for which said Scotts agree to pay to said
Miller the sum of seven cents per pound, on delivery.

"Said hogs to be delivered at the station on the Rockford,
Rock Island and St. Louis Railroad, near the Warren and
Mercer county line.

"JOHN S. MILLER,
"NOTLEY SCOTT,
"M. D. SCOTT."

The evidence on the trial below showed the following state
of facts: The Scotts never made a demand of the hogs. The
first day of January, 1871, was Sunday. An interview be-
tween Miller and Notley Scott took place on the Friday pre-
vious, when Miller inquired whether Scott wanted the hogs
on Saturday or Sunday. The latter replied that he did not
want them on Sunday; that he would take them on Monday.
Miller remarked that if Scott would pay him some money on
them, he would keep them a week longer; and, on Scott in-
quiring how much money he wanted, Miller said he could
not tell till he went to Monmouth; and they thereupon agreed
to meet at Monmouth the next day, and make the arrange-
ment about the matter. Both parties were at Monmouth the
next day, but they failed to meet. The Scotts that day de-
posited $4000 in the Monmouth Bank, for the purpose of
being applied in payment for the hogs. Miller delivered the
hogs at the station named, on Monday the second day of
January, 1871, at about eleven o'clock at night, having given
the Scotts a written notice that they would be delivered that
day, which appears not to have been received until about ten
o'clock at night of that day. The Scotts had waited all day
Monday, until about dark, to receive the hogs, but finally
left for home before the hogs reached the station. They lived
three and a half miles distant from the station. Miller had

the hogs at the station on Tuesday, the third day of January, 1871. The parties met that day. Appellants were informed of the delivery of the hogs there, but they refused to accept and pay for them, claiming that they had not been delivered according to the contract.

Objection is made that the verdict for the plaintiff below was not supported by the evidence; that it failed to show any right of recovery, and that there was error in the giving, refusing and modifying of instructions, as also in the refusal to exclude testimony.

The points of objection, the answering of which will essentially dispose of all the errors assigned, are, in substance, as follows: That the delivery should have been on the thirty-first day of December, in the absence of any extension of the time; that evidence of such extension should have been excluded, as there was no averment of it in the declaration; that, at the farthest, the delivery should have been on Monday, the second day of January, and that the delivery, which was made in the night time of that day, would not suffice; that it should have been made during the ordinary business hours of the day; and that the evidence as to custom to deliver such property in the night time should have been excluded.

It is unnecessary to pass upon the question whether the delivery of the hogs was made at the proper time of the day, had Monday, the second day of January, been the day for their delivery, as, under the state of facts, we think the delivery of the hogs on Tuesday, the third of January, 1871, might well have been found by the jury to have been within a reasonable and at a proper time, under the contract and the circumstances of the case. They were warranted in finding that an earlier delivery had been dispensed with by the conduct of the Scotts.

The result of their interview, on Friday, must have been a mutual, tacit understanding of the parties that the hogs

were not to be delivered on the Saturday or Monday follow-ing, but that an arrangement was to be made on Saturday, at Monmouth, whereby Miller should hold them a week longer. The parties failing to meet there and make such arrangement, without fault of Miller, so far as appears, he should have had at least a reasonable time thereafter to deliver the hogs; and it is not necessary that there should have been proof of any actual fraudulent contrivance on the part of the Scotts to pre-vent an earlier delivery, although that may be averred in the declaration.

This would make the evidence as to the custom of the delivery of such property in the night time, not material.

The evidence showing the foregoing state of facts was admissible, at least, under the third count of the declaration, as that set out all the facts of the case.

Perceiving no error in the record which should cause a reversal of the judgment, it must be affirmed.

*Judgment affirmed.*